UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRECIOUS R. JOHNSON,                              Case No. 20-11347

                          Plaintiff,             Mark A. Goldsmith
v.                                               United States District Judge

COMMISSIONER OF SOCIAL                           Curtis Ivy, Jr.
SECURITY,                                        United States Magistrate Judge

                          Defendant.
_____/

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (ECF Nos. 17, 18)**

Plaintiff Precious Johnson ("Johnson") brings this action pursuant to 42

U.S.C. § 405(g), challenging the final decision of Defendant Commissioner of

Social Security ("Commissioner") denying his application for Disability Insurance

Benefits ("DIB") under the Social Security Act (the "Act").  This matter is before

the United States Magistrate Judge for a Report and Recommendation on

Plaintiff's motion for summary judgment (ECF No. 17), the Commissioner's cross-

motion for summary judgment (ECF No. 18), Plaintiff's reply (ECF No. 19), and

the administrative record (ECF No. 14).

For the reasons that follow, it is **RECOMMENDED** that the Court **DENY**

Plaintiff's motion for summary judgment (ECF No. 17), **GRANT** Defendant's

motion for summary judgment (ECF No. 18), and **AFFIRM** the Commissioner's decision.

## I.   DISCUSSION

### A.   Background and Administrative History

Plaintiff previously filed an application for disability insurance benefits, alleging disability beginning on June 4, 2013.  The Administrative Law Judge ("ALJ") in that matter, Henry Perez, Jr., issued an unfavorable decision denying Plaintiff disability benefits on September 4, 2015.  (ECF No. 14, PageID.105-112). Plaintiff appealed that decision to the Appeals Council, and then to this Court.  The Court upheld the ALJ's decision.  *See Johnson v. Comm'r of Soc. Sec.*, 2018 WL 1835705 (E.D. Mich. Apr. 18, 2018).

While the appeal on his first application was still pending, Plaintiff filed a new application for disability insurance benefits.  In that application, Plaintiff alleged his disability began on June 4, 2013.  (ECF No. 14, PageID.56).  He later amended his alleged onset date to October 26, 2015.[1]  (*Id.* at PateID.295).  He filed the application for disability insurance benefits on March 3, 2017.  (*Id.*).  In his disability report, he listed a number of ailments which negatively impacted his ability to work.  (*Id.* at PageID.247).  The ailments included: lumbar herniated

---

[1] Inexplicably, the ALJ continued to refer to June 4, 2013 as the alleged onset date. Plaintiff does not argue error on this issue, nor does it appear he was prejudiced in any way by the ALJ's failure to amend the alleged onset date.

discs with stenosis, lumbar radiculopathy, left shoulder pain, rotator cuff syndrome, hypertension, and depression. (*Id.*). His application was denied on October 2, 2017. (*Id.* at PageID.56).

Following the denial, Plaintiff requested a hearing by an ALJ. (*Id.* at PageID.164-65). On March 26, 2019, ALJ David Mason, Jr., held a hearing, at which Plaintiff and a vocational expert ("VE"), Helen Topcik, testified. (*Id.* at PageID.74-101). On April 22, 2019, ALJ Mason issued an opinion, which determined that Plaintiff was not disabled within the meaning of the Social Security Act. (*Id.* at PageID.56-67).

Subsequently, Plaintiff submitted a request for review of the hearing decision. On March 26, 2020, the Appeals Council denied Plaintiff's request for review. (*Id.* at PageID.42-46). Thus, ALJ Mason's decision became the Commissioner's final decision.

Plaintiff timely commenced the instant action on May 27, 2020.

**B.     The Administrative Decision**

Pursuant to 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4), at **Step 1** of the sequential evaluation process, the ALJ found that Plaintiff had not engaged in substantial gainful activity from June 4, 2013, the alleged onset date through December 31, 2018, his date last insured. (*Id.* at PageID.58). At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: osteoarthritis of the left

shoulder, degenerative disc disease of the lumbar spine, hypertension, and obesity. (*Id.* at PageID.58-60).  At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  (*Id.* at PageID.60-61).  **Between Steps 3 and 4** of the sequential process, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[2] and determined that Plaintiff had the RFC:

> to perform light work . . . [except] he cannot perform overhead reaching with the left upper extremity; he can occasionally climb ramps and stairs with handrails; he cannot climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; he can frequently handle, finger, and feel with the left hand; and he would be off task up to 8% of the time.

(*Id.* at PageID.61).  At **Step 4**, the ALJ determined that Plaintiff was capable of performing past relevant work as a production assembler.  (*Id.* at PageID.66-67). Therefore, the ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from June 4, 2013 through December 31, 2018. (*Id.* at PageID.67).  The ALJ did not make a finding at Step 5.

## C.    Framework for Disability Determinations

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical

---

[2] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: (1) worked during the alleged period of disability; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; (4) can return to past relevant work; and (5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §§ 404.1520, 416.920.[3]  The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy."  *Richardson v. Secretary of Health & Human Services*, 735 F.2d 962, 964 (6th Cir. 1984).

### D.    Standard of Review

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g).  When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal

---

[3] Citations to the regulations or Social Security Rulings are to those effective on the date of the application for disability benefits or the ALJ's decision, where appropriate, unless indicated otherwise.

standards.'"  *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. at 2009)

(quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. at 2007)); *see*

*also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as

to any fact, if supported by substantial evidence, shall be conclusive . . . .").  Under

this standard, "substantial evidence is defined as 'more than a scintilla of evidence

but less than a preponderance; it is such relevant evidence as a reasonable mind

might accept as adequate to support a conclusion.'"  *Rogers*, 486 F.3d at 241

(quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir.

1994)).  In deciding whether substantial evidence supports the ALJ's decision, the

court does "not try the case *de novo*, resolve conflicts in evidence or decide

questions of credibility."  *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007);

*Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court,

to evaluate the credibility of witnesses, including that of the claimant.").

Although the substantial evidence standard is deferential, it is not trivial.

The Court must "'take into account whatever in the record fairly detracts from

[the] weight'" of the Commissioner's decision.  *TNS, Inc. v. NLRB*, 296 F.3d 384,

395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487

(1951)).  Nevertheless, "if substantial evidence supports the ALJ's decision, this

Court defers to that finding 'even if there is substantial evidence in the record that

would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*,

581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).

Finally, even if the ALJ's decision meets the substantial evidence standard, "'a

decision of the Commissioner will not be upheld where the SSA fails to follow its

own regulations and where that error prejudices a claimant on the merits or

deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting

*Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### E.    Analysis

Plaintiff raises three points of error on appeal: (1) the ALJ erred by deciding

he was bound by the prior ALJ's characterization of Plaintiff's past relevant work,

(2) the ALJ should have included a limitation for cane use in the RFC, and (3) the

ALJ did not weigh the opinion of non-treating physician Dr. Velazquez.  The

Commissioner argues (1) the ALJ properly concluded he was bound by the prior

decision regarding past relevant work, (2) substantial evidence supports the lack of

a cane limitation, and (3) any error in the failure to weigh Dr. Velazquez's opinion

is harmless because some portions of the RFC are consistent with the opinion and

the ALJ indirectly attacked the remaining portions of the opinion.

### 1.    Past Relevant Work

Plaintiff finds error in the ALJ's determination that new and material

evidence on Plaintiff's medical conditions warranted a new RFC but that he was

bound by the prior ALJ's determination regarding the classification of Plaintiff's

past relevant work ("PRW").  The prior ALJ characterized Plaintiff's relevant work as an inspector as unskilled, exertionally light work as it is generally performed.  (ECF No. 14, PageID.112).  The ALJ on the current application adopted that finding.  Plaintiff asserts new evidence demonstrates his PRW is more properly characterized as a line feeder, which is a medium job, and as a shop laborer, which is a heavy job.  Plaintiff argues if his PRW is classified as medium work, he will be found disabled under the regulations.  (ECF No. 17, PageID.492).

Whether the ALJ properly determined he was bound to adopt the prior PRW determination is guided by both Sixth Circuit precedent and a Social Security Administration Acquiescence Ruling.  As explained below, these precedents support the ALJ's decision.

In *Dennard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990), the first ALJ concluded the plaintiff could not perform his past relevant work as a resident care supervisor, which the ALJ characterized as "heavy."  *Id.* at 600.  The ALJ denied the plaintiff's application because he found the plaintiff had the ability to perform sedentary work and therefore was not disabled.  *Id.* at 599.  The plaintiff filed a second disability claim.  The ALJs who reviewed the second claim re-characterized the exertional level of the plaintiff's past relevant work as a resident care supervisor as "sedentary to light" and concluded that the plaintiff was not disabled because he could perform this past relevant work.  *Id.*  The Sixth

Circuit reversed, finding that subsequent ALJs could not re-characterize the exertional requirements of the plaintiff's previous position. *Id.*; *see Kolomjec v. Sec'y of Health & Human Servs.*, 940 F.2d 660 (6th Cir. 1991) (table) (citing *Dennard*, 907 F.2d at 600) ("In *Dennard*, this court held that a prior determination by the Secretary regarding the exertional level of a claimant's past work was binding in subsequent proceedings.").

In *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), the plaintiff's application for disability benefits was denied because, although she could not perform her PRW, she could perform sedentary work. *Id.* at 838. The plaintiff subsequently filed a new application for benefits. The second application was denied on the ground that the plaintiff could perform medium work. *Id.* at 838-39. Drummond pursued her appeal to the Sixth Circuit, which held that, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." *Id.* at 840-42.

The Social Security Administration issued an Acquiescence Ruling, AR 98-3(6), to resolve a conflict between the law developed in *Dennard* and *Drummond* and Social Security policy. AR 98-3(6) requires that:

> where the final decision of SSA after a hearing on a prior disability claim contains a finding of the demands of a claimant's past relevant work, SSA may not make a different finding in adjudicating a subsequent disability

> claim with an unadjudicated period arising under the
> same title of the Act as the prior claim unless new and
> additional evidence or changed circumstances provide a
> basis for a different finding.

SSR 98-3(6), 1998 WL 283901, at *3 (June 1,1998) (citing generally *Dennard*,

907 F.2d 598).

The Sixth Circuit more recently revisited this line of authority in *Earley v.*

*Commissioner of Social Security*, 893 F.3d 929 (6th Cir. 2018).  The court clarified

that if a claimant files a second application covering the same period of time, res

judicata properly applies absent good cause to revisit the earlier determination.  As

the court further recognized, however, res judicata has no application where a

claimant files a subsequent application seeking benefits for a distinct period of

time.  Accordingly, "[w]hen an individual seeks disability benefits for a distinct

period of time, each application is entitled to review."  *Id.* at 933.

In this case, while the appeal of the first ALJ decision was pending before

the Court, Plaintiff obtained an opinion from a vocational expert, James Fuller,

M.A., regarding his PRW and vocational options in light of his medical conditions.

Mr. Fuller reviewed Plaintiff's medical history, physical complaints, education,

and work history.  (ECF No. 14, PageID.348-51).  Mr. Fuller characterized

Plaintiff's past work as a "shop laborer/line feeder/off bearer," and as "simple,

unskilled" work at the medium exertional level.  (*Id.* at PageID.351).  Based on the

opinion and restrictions given by Plaintiff's treating physician, Mr. Fuller concluded Plaintiff was "unemployable." (*Id.* at PageID.353).

Despite Mr. Fuller's opinion, the ALJ did not re-characterize Plaintiff's PRW. (ECF No. 14, PageID.66-67). Plaintiff argues Mr. Fuller's opinion is new evidence that requires deviation from the prior decision, i.e. it is new evidence that Plaintiff's PRW was at the medium exertional level, not light, and thus he could not perform his PRW now. The Commissioner responds that this is Plaintiff's attempt to have a second bite at the apple with regard to the characterization of past relevant work. The Commissioner maintains the ALJ was bound by the prior determination.

In the view of the undersigned, the ALJ did not err in adopting the prior PRW determination. Mr. Fuller's opinion is not new and material evidence, but rather, "simply represents a different view of the same evidence that was earlier presented." *Brewster v. Barnhart*, 145 F. App'x 542, 549 (6th Cir.2005). This case is somewhat similar to *Yournet v. Comm'r of Soc. Sec.*, 2008 WL 3833685, at *5 (E.D. Mich. Aug. 13, 2008). There, the first ALJ determined Yournet could perform her past relevant work, which was performed at the sedentary exertional level. After the first ALJ decision was issued, a VE testified that Yournet's past relevant work was performed at the light exertional level and that Yournet would be unable to perform the job. *Id.* at *4. The Court did not accept Yournet's

argument that the VE's testimony provided after the first decision was new and material evidence that warranted recharacterizing her PRW. Rather, the Court found the testimony to be a different view of the same evidence that was presented to the first ALJ. *Id.* at *5.

Likewise, here, there is no indication Mr. Fuller reviewed different evidence than that presented to the ALJ on Plaintiff's first application for benefits. Rather, it appears Mr. Fuller's opinion is a different view of the same evidence that was earlier presented. As such, the ALJ was bound by the prior ALJ's decision that Plaintiff's PRW was generally performed at the light exertional level. The fact that the ALJ found new material evidence of a change in Plaintiff's medical condition does not alter or call into question the ALJ's proper conclusion that he was bound by the prior PRW determination.

Related to the discussion above, Plaintiff argues the ALJ erred in failing to properly weigh or address Mr. Fuller's vocational opinion in accordance with SSR 06-03p, 2006 WL 2329939. The ALJ reviewed the opinion as a medical opinion on Plaintiff's residual functional capacity. The ALJ gave the opinion "no weight" because the issue of disability is reserved to the Commissioner and Mr. Fuller is not an acceptable medical source. (ECF No. 14, PageID.66). Plaintiff argues the significance of Mr. Fuller's opinions is that he is a vocational expert, not a medical

expert, and that his opinion should have been evaluated in accordance with SSR 06-3p.

The undersigned finds no remandable error in the ALJ's treatment of Mr. Fuller's opinion.  First, the extent to which SSR 06-03p (which explains how the Social Security Administration reviews evidence regarding a claimant's medical conditions) applies to a vocational opinion is unclear.  Second, and perhaps more importantly, any error in evaluating the opinion is harmless because the ALJ properly determined he was bound by the prior characterization of Plaintiff's PRW—regardless of Mr. Fuller's opinion.  Remand for reconsideration of the opinion "would be an idle and useless formality."  *Kobetic v. Comm'r of Soc. Sec.*, 114 F. App'x 171, 173 (6th Cir. 2004) (quoting *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) (noting that in such instances courts are not required to "convert judicial review of agency action into a ping-pong game.")); *see also Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that remand might lead to a different result." (citations omitted)).

### 2.    Plaintiff's Cane Use

Plaintiff argues the ALJ did not provide specific reasons for rejecting evidence indicating he needed to use a cane for walking, and that this failure is

compounded by the failure to include a limitation for cane use in the RFC.  (ECF No. 17, PageID.493-96).  He cites his own testimony, his treating physician Dr. Rasheed's opinion that he requires a cane, the notation of a consultative examining physician who noted trouble with Plaintiff's gait, and an MRI of his back as substantial evidence supporting the need for a cane.  He further argues use of a cane is inconsistent with the demands of light work, and thus his RFC should be entirely reconsidered.

The evidence Plaintiff marshalled in support of his position, even if it constitutes substantial evidence, does not detract from the substantial evidence supporting the ALJ's decision.  The evidence cited by the ALJ, as well as the other evidence in the record, support the RFC without a cane use limitation.

The ALJ acknowledged Plaintiff's subjective statements, including his statement that he uses a cane three to five times a week for balance while doing household chores.  (*See* ECF No. 14, PageID.63).  However, the ALJ found Plaintiff's statements not entirely consistent with the medical and other evidence in the record.  (*Id.*).

The ALJ also discussed the medical evidence, including the treatment notes and opinions of Plaintiff's treating physician Dr. Rasheed.  Dr. Rasheed issued an opinion in August 2017 (her second opinion) in which she opined Plaintiff required the use of a walking aid.  (*Id.* at PageID.436).  The ALJ gave the August 2017

14

opinion only some weight.  (*Id.* at PageID.66).  As the ALJ noted, despite

Plaintiff's complaints of back pain and objective testing confirming the existence

of a medically determinable impairment, his treatment records from Dr. Rasheed

were largely normal, including notations that Plaintiff had normal movement in his

extremities, normal neurologic examination, and equal power and tone in the lower

extremities.  (*See, e.g.*, ECF No. 14, PageID.65, 337, 366, 372, 386).  The normal

objective examination findings cut against Plaintiff's assertion that he requires a

cane to ambulate or for balance.  The ALJ also noted the August 2017 opinion

appeared to show some improvement in Plaintiff's condition since Dr. Rasheed's

November 2015 opinion.  (*Id.* at PageID.66).

In addition to the normal examination findings in most of Dr. Rasheed's

treatment notes, there is also inconsistency within Dr. Rasheed's August 2017

opinion with regard to cane use.  Dr. Rasheed opined Plaintiff (1) had normal

reflexes in both lower extremities, (2) his gait was "within normal limits," (3) he

could walk on his heels and toes (but was better on his toes), and (4) the clinical

evidence did not support an inability to stand up from a seated position or an

inability to maintain balance in a standing position.  (ECF No. 14, PageID.435-36).

Despite these and other conclusions, Dr. Rasheed also opined the clinical evidence

supported the need for a walking aid.  However, Dr. Rasheed did not indicate, as

requested on the opinion form, whether the walking aid would be used to reduce

pain or to prevent falling. (*Id.* at PageID.436). The ALJ noted some of the inconsistencies between the opinion and treatment notes and gave the opinion only some weight, although the ALJ did not discuss the cane use opinion specifically. The ALJ, however, need not discuss every piece of evidence in the record. *See Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006) ("[A]n ALJ can consider all evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal quotations omitted); *see also Williams v. Sec'y of Health & Human Servs.*, 884 F.2d 241, 245 (6th Cir. 1989) (Court "may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council," or in this case, the ALJ.).

In addition, the ALJ relied in part on the reviewing State agency physician's opinion. In the September 2017 opinion, Dr. Langham concluded Plaintiff had the ability to, for example, stand and/or walk and sit for approximately 6 hours in an 8 hour workday and Plaintiff could occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. (ECF No. 14, PageID.135-37). Dr. Langham reviewed Dr. Rasheed's treatment notes and two opinions, but still formulated an RFC omitting the use of a cane. The ALJ gave this opinion great weight because of its consistency with the bulk of the medical evidence, except the ALJ formulated a more restrictive RFC by including the use of a handrail on stairs, only

frequent handling, fingering, and feeling with the left hand, and that he would off task up to 8% of the workday.  (*Id.* at PageID.64-65).

While the Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision, *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)), "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)).  Ultimately, the ALJ's decision "cannot be overturned if substantial evidence, or even a preponderance of the evidence, supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003).  Here, while there is some evidence in support of Plaintiff's position that he would use a cane to walk or for balance, such as his own statements, there is substantial evidence in support of the ALJ's RFC conclusion which omits a limitation for cane use.  Accordingly, the ALJ's decision in this regard should be affirmed.

Because the RFC is supported by substantial evidence, the undersigned need not address Plaintiff's argument that the use of a cane is inherently inconsistent

with the demands of light work.  The undersigned would note, however, that "there is no *per se* rule that use of a cane to ambulate precludes performance of all light jobs."  *Scott v. Comm'r of Soc. Sec.*, 2018 WL 6175375, at *6 (E.D. Mich. Nov. 5, 2018), *report and recommendation adopted*, 2018 WL 6171602 (E.D. Mich. Nov. 26, 2018) (citation omitted).

### 3.    Summary of Dr. Velazquez's Opinion

The administrative record includes a summary of an opinion issued by Dr. Velazquez as part of a review for long-term care insurance benefits.  (ECF No. 14, PageID.340).  The summary is dated October 22, 2015, four days prior to the amended alleged onset date.  The opinion regarding Plaintiff's residual functional capacity included (1) lifting and carrying up to 20 pounds, (2) no overhead lifting with the left upper extremity, (3) short periods of rest and changing positions during the workday, (4) standing up to one hour for a total of three hours in a workday, (5) walking for one hour in a workday, (6) occasional bending at the waist, (7) no crawling or squatting, (8) occasional reaching above the shoulder on the left side, (9) no restrictions in simple grasping or fine manipulation, and (10) occasionally light pushing and pulling with the left upper extremity.

The Commissioner must weigh every medical opinion that the Social Security Administration receives.  20 C.F.R. §§ 404.1527(c).  Regardless of the source of a medical opinion, in weighing the opinion, the ALJ must apply the

factors set forth in 20 C.F.R. § 404.1527(c), including the examining and treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the source.

Although the ALJ acknowledged Dr. Velazquez's opinion and mentioned the limitations provided in the opinion, the ALJ did not state or explain what weight he assigned to the opinion, if any.  (ECF No. 14, PageID.62-66).  This is error.  Nevertheless, the Commissioner argues the error is harmless because portions of the opinion match the RFC, and the ALJ's decision sufficiently indirectly attacks the remaining portions.  The undersigned agrees.

Consistent with Dr. Velazquez's opinion, the ALJ limited Plaintiff to lifting no more than 20 pounds, no overhead reaching with the left upper extremity, and occasional kneeling, crouching, and crawling.  Further, the ALJ restricted Plaintiff to only frequent handling, fingering and feeling, where Dr. Velazquez opined Plaintiff had no limitations in this area.  (*Id.* at PageID.61).  To the extent the opinion can be parsed out, the failure to weigh the portions of the opinion which the ALJ essentially adopted is irrelevant.  *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) ("[I]f the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion, it may be irrelevant that the ALJ did not give weight to the treating physician's opinion, and the failure to give reasons for not giving such weight is correspondingly irrelevant.").

The failure to specifically weigh what remains of the opinion is harmless in this instance.  In the case of a treating physician's opinion, violation of the rule to give reasons for discounting the opinion "constitutes harmless error if the ALJ has met the goals of the procedural requirement—to ensure adequacy of review and to permit the claimant to understand the disposition of his case—even though he failed to comply with the regulation's terms." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 440 (6th Cir. 2010) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004).  An ALJ may meet those goals by indirectly attacking the supportability of the treating physician's opinion or its consistency with other evidence in the record.  *See Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470-72 (6th Cir. 2006) (no error in ALJ's failure to explain weight given to two treating physicians or failure to give good reasons for discounting them where ALJ thoroughly explained other medical evidence that indirectly attacked the consistency of the treating physicians' opinions).  If failure to comply with the regulations regarding a treating physician's opinion can constitute harmless error, so too can the treatment of a non-treating physician's opinion.

The ALJ's discussion of the treatment records from Dr. Rasheed and the opinion evidence sufficiently indirectly attack the remaining portions of Dr. Velazquez's opinion.  As the Commissioner notes, Dr. Velazquez's opinion in some fashion mirrors that of Dr. Rasheed.  For example, both doctors opined that

Plaintiff could sit and stand or walk for only one hour in an eight-hour workday and that Plaintiff could not squat.  The ALJ gave Dr. Rasheed's opinion little weight and sufficiently explained his reasons for doing so—Plaintiff does not contest the treatment of Dr. Rasheed's opinions.  (ECF No. 14, PageID.65).  The fact that the ALJ expressly mentioned and considered Dr. Velazquez's restrictions and weighed identical opinions from Plaintiff's treating physician is a sufficient indirect attack on Dr. Velazquez's opinion to have met the goal of the regulations. Additionally, the ALJ's discussion of the other evidence, such as the State agency physician's opinion, explains why the ALJ did not adopt Dr. Velazquez's restrictions.  The undersigned is able to trace the ALJ's reasoning for not adopting Dr. Velazquez's opinion.  Accordingly, any error in the treatment of the opinion is harmless error.

### F.    Conclusion

Plaintiff has the burden of proof on his statements of error.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997).  Plaintiff has not shown legal error that would upend the ALJ's decision.  For the foregoing reasons, it is **RECOMMENDED** that the Court **DENY** Plaintiff's motion for summary judgment (ECF No. 17), **GRANT** Defendant's motion for summary judgment (ECF No. 18), and **AFFIRM** the Commissioner of Social Security's decision.

## II.    PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:   May 25, 2021                    s/Curtis Ivy, Jr.
                                        Curtis Ivy, Jr.
                                        United States Magistrate Judge