UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PRECIOUS R. JOHNSON,

        Plaintiff,                                              Civil Action No. 20-11347

vs.                                                             HON. MARK A. GOLDSMITH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

**OPINION & ORDER
(1) DENYING PLAINTIFF'S MOTION TO REMAND (Dkt. 24), (2) OVERRULING IN PART AND SUSTAINING IN PART PLAINTIFF'S OBJECTIONS (Dkt. 23), (3) REJECTING THE RECOMMENDATION OF THE MAGISTRATE JUDGE (Dkt. 20), (4) GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 17), (5) DENYING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT (Dkt. 18), AND (6) VACATING THE COMMISSIONER'S DECISION AND REMANDING THE MATTER**

      Plaintiff Precious Johnson appeals from the final determination of the Commissioner of Social Security denying his application for disability insurance benefits under the Social Security Act. The matter was referred to Magistrate Judge Curtis Ivy, Jr. for a Report and Recommendation (R&R). Johnson filed a motion for summary judgment, asking the Court to reverse and remand this matter due to, among other reasons, the failure of the administrative law judge (ALJ), David Mason, Jr., to independently consider Johnson's past relevant work (Dkt. 17). The Commissioner also filed a motion for summary judgment, asking the Court to affirm his final decision (Dkt. 18). Magistrate Judge Ivy issued an R&R recommending that the Court grant the Commissioner's motion for summary judgment, deny Johnson's motion for summary judgment, and affirm the Commissioner's decision (Dkt. 20).

Johnson filed objections to the R&R, arguing that the Court should reject the magistrate judge's recommendation because: (i) ALJ Mason's decision violated the Appointments Clause; (ii) ALJ Mason erred in failing to conduct an independent review of Johnson's past relevant work; (iii) ALJ Mason failed to provide a rationale for excluding a limitation relating to cane use in the assessment of Johnson's residual functional capacity; and (iv) ALJ Mason's failure to weigh the opinion of a non-treating physician, Dr. Miguel Velasquez, was not harmless error (Dkt. 23). The Commissioner filed a response to Johnson's objections (Dkt. 25) and Johnson filed a reply (Dkt. 30).

Johnson also filed a motion to remand (Dkt. 24), in which he argues for remand exclusively based on his theory that ALJ Mason's decision violated the Appointments Clause. This is the same argument raised in Johnson's first objection to the R&R. The Commissioner filed a response to Johnson's motion (Dkt. 26) and Johnson filed a reply (Dkt. 28).

For the reasons that follow, the Court finds that Johnson has waived his Appointments Clause challenge. Thus, the Court overrules Johnson's first objection to the R&R and denies Johnson's motion to remand. However, the Court sustains Johnson's second objection to the R&R.[1] Accordingly, the Court rejects the recommendation contained in the magistrate judge's R&R, denies the Commissioner's motion for summary judgment, and grants in part and denies in part Johnson's motion for summary judgment. The Court vacates the Commissioner's decision and remands this matter for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

## I. STANDARD OF REVIEW

The Court reviews de novo those portions of the R&R to which a specific objection has

---

[1] As explained below, because the Court sustains Johnson's second objection and remands the matter, the Court need not address Johnson's third and fourth objections.

been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Under 42 U.S.C. § 405(g), this Court's "review is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 512 (6th Cir. 2010) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007)). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Lindsley v. Comm'r of Soc. Sec., 560 F.3d 601, 604 (6th Cir. 2009) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In determining whether substantial evidence exists, the Court may "look to any evidence in the record, regardless of whether it has been cited by the ALJ." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 535 (6th Cir. 2001). "[T]he claimant bears the burden of producing sufficient evidence to show the existence of a disability." Watters v. Comm'r of Soc. Sec. Admin., 530 F. App'x 419, 425 (6th Cir. 2013).

## II. ANALYSIS

Johnson's four objections to the magistrate judge's R&R are addressed in the order that they are raised. Because Johnson's motion to remand is substantively identical to his first objection to the R&R, the Court addresses Johnson's first objection and his motion to remand jointly.

### A. Objection One and Motion to Remand

In his first objection and his motion to remand, Johnson lodges an Appointments Clause challenge. As explained below, Johnson has waived his Appointments Clause challenge by failing to raise it first before the magistrate judge.

In September 2015, an administrative law judge (ALJ), Henry Perez, Jr., found that Johnson was not disabled. Johnson sought judicial review, and another judge within this district affirmed ALJ Perez's decision. Johnson v. Comm'r of Soc. Sec., No. 17-10852, 2017 WL

3

9802829 (E.D. Mich. Dec. 20, 2017), R. & R. adopted, 2018 WL 1835705 (E.D. Mich. Apr. 18, 2018). Johnson then re-applied for benefits. In April 2019, a new ALJ, Mason, found that Johnson was not disabled. In so holding, ALJ Mason found that he was bound by ALJ Perez's prior finding regarding the characterization of Johnson's past relevant work. Johnson now objects to the R&R based on his theory that the Appointments Clause was violated by ALJ Mason's deference to ALJ Perez's prior finding from 2015. This theory is premised on the fact that ALJ Perez was improperly appointed at the time of his 2015 decision.

By way of background, in 2018, the Supreme Court held that the appointment of SEC ALJs by lower level staff violated the Constitution's Appointments Clause. See Lucia v. SEC, 138 S. Ct. 2044, 2055 (2018). Like the SEC ALJs at issue in Lucia, Social Security Administration (SSA) ALJs had been selected by lower level staff rather than appointed by the head of the agency. On July 16, 2018, a few weeks after Lucia was decided, the SSA's Acting Commissioner preemptively "address[ed] any Appointments Clause questions involving Social Security claims" by "ratif[ying] the appointments" of all SSA ALJs and "approv[ing] those appointments as her own." 84 Fed. Reg. 9583 (2019).

Following Lucia, a number of petitioners challenged the denial of their applications for social security benefits on the theory that the ALJs who denied their applications were improperly appointed. Many of these petitioners failed to raise their Appointments Clause challenges in their administrative proceedings before filing appeals in federal courts. Ordinarily, federal courts reviewing agency decisions do not consider issues that were not raised in administrative proceedings. See Hormel v. Helvering, 312 U.S. 552, 556 (1941). Consequently, several circuit courts held that petitioners could not obtain judicial review of an Appointments Clause claim where they had not pressed such a challenge in their administrative proceedings. See Davis v.

4

Saul, 963 F.3d 790, 793 (8th Cir. 2020); Carr v. Comm'r, SSA, 961 F.3d 1267, 1268 (10th Cir. 2020). Other circuit courts hold the opposite. See Cirko v. Comm'r of Soc. Sec., 948 F.3d 148, 152 (3d Cir. 2020); Probst v. Saul, 980 F.3d 1015, 1020 (4th Cir. 2020); Ramsey v. Comm'r of Soc. Sec., 973 F.3d 537, 546 (6th Cir. 2020).

The Supreme Court resolved this circuit split in Carr v. Saul, 141 S. Ct. 1352 (2021), holding that a petitioner can obtain judicial review of Appointments Clause claims even where the petitioner failed to raise such a challenge in the administrative proceedings. The Supreme Court explained that two considerations "tip[ped] the scales" in favor of this conclusion. First, "agency adjudications are generally ill suited to address structural constitutional challenges, which usually fall outside the adjudicators' areas of technical expertise." Id. at 1360. Second, "[i]t makes little sense to require litigants to present claims to adjudicators who are powerless to grant the relief requested." Id. at 1361.

Here, Johnson argues that remand is merited pursuant to Carr. To be clear, Johnson does not contend that ALJ Mason was improperly appointed at the time that he denied Johnson's application in 2019. Rather, Johnson suggests that the Appointments Clause was violated due to ALJ Mason's deference to ALJ Perez's prior finding from 2015. Significantly, Johnson did not raise his Appointments Clause challenge before the magistrate judge.

"Appointments Clause challenges are 'not jurisdictional and thus are subject to ordinary principles of waiver and forfeiture.'" Island Creek Coal Co. v. Wilkerson, 910 F.3d 254, 256 (6th Cir. 2018) (quoting Jones Bros., Inc. v. Sec. of Labor, 898 F.3d 669, 678 (6th Cir. 2018)); see also Joseph Forrester Trucking v. Director, Office of Workers' Compensation, 987 F.3d 581, 586 (6th Cir. 2021) ("Although an alleged Appointments Clause violation presents a structural challenge arising under the Constitution, the issue is neither jurisdictional, nor afforded special entitlement

5

to review . . . . As a result, parties must press the argument at the proper stages as a prerequisite to obtaining subsequent review on that basis.") (punctuation modified, citation omitted). Those "ordinary principles of waiver and forfeiture" include the principle that issues not presented to the magistrate judge are deemed waived. See, e.g., Marr v. Foy, No. 1:07-cv-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010). That is because the Magistrate Judge Act, 28 U.S.C. § 631, "does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000); see also Maloney v. Robinson, No. 20-3026, 2020 WL 3791945, at *4 (6th Cir. May 15, 2020) ("This claim is waived because it was not raised until his objections to the magistrate judge's first report and recommendations.").

Significantly, Carr does not alter the longstanding rule that issues not presented to the magistrate judge are deemed waived. Rather, as discussed above, Carr held that a petitioner does not waive an Appointments Clause challenge by failing to raise it in his administrative proceedings. Carr's holding does not excuse a petitioner from raising such a challenge before a federal magistrate judge where one is assigned to the case.

Because Johnson failed to raise his Appointments Clause challenge before the magistrate judge, he has waived this challenge. Accordingly, Johnson's first objection is overruled and his motion to remand is denied.

**B. Objection Two**

In his second objection, Johnson contends that the magistrate judge erred in finding that ALJ Mason properly concluded that he was bound by ALJ Perez's prior past relevant work determination. According to Johnson, ALJ Mason should have conducted an independent review of his past relevant work, which would have included a review of the opinion of James Fuller, a

6

vocational expert that Johnson obtained following ALJ Perez's decision. As explained below, the Court agrees that ALJ Mason erroneously concluded that he was bound by ALJ Perez's prior determination.

Until recently, the leading case in this circuit on res judicata principles in the context of SSA decisions was <u>Drummond v. Comm'r of Soc. Sec.</u>, 126 F.3d 837 (1997). Under <u>Drummond</u>, "[w]hen the Commissioner has made a final decision concerning a claimant's entitlement to benefits, the Commissioner is bound by this determination absent changed circumstances." <u>Id.</u> at 842. In Acquiescence Ruling 98-4(6), the SSA subsequently determined that it would apply <u>Drummond</u>'s holding within the geographic territory of the Sixth Circuit, explaining, "[w]hen adjudicating a subsequent disability claim with an adjudicated period arising under the same title of the Act as the prior claim, adjudicators must adopt such a finding from the final decision by an ALJ . . . on the prior claim . . . unless there is new and material evidence relating to such a finding . . . ." AR 98-4(6), 1998 WL 283902, at *3 (June 1, 1998).

Three years ago, the Sixth Circuit clarified the meaning of <u>Drummond</u>. See <u>Earley v. Comm'r of Soc. Sec.</u>, 893 F.3d 929 (6th Cir. 2018). In <u>Earley</u>, the ALJ thought that <u>Drummond</u> precluded him from revisiting an earlier finding that the claimant was not disabled unless she offered new and material evidence of a changed condition. The Sixth Circuit held that the ALJ was incorrect, explaining, "[a]n individual may file a second application—for a new period of time—for all manner of reasons and obtain independent review of it so long as the claimant presents evidence of a change in condition or satisfies a new regulatory condition." <u>Id.</u> at 932. As

such, when an individual seeks disability benefits in a second application for a distinct period of time, the second ALJ is not bound to follow the first ALJ's findings. Id. at 933.

To be clear, "it is fair for an administrative law judge to take the view that, absent new and additional evidence, the first administrative law judge's findings are a legitimate, albeit not binding, consideration in reviewing a second application." Id. "At the same time, an applicant remains free to bring a second application that introduces no new evidence or very little new evidence after a failed application." Id. Of course, an applicant who does so "should not have high expectations about success if the second filing mimics the first one and the individual has not reached any new age (or other) threshold to obtain benefits." Id.

In short, Earley stands for the proposition that when an ALJ evaluates a subsequent application for benefits covering a distinct period of time, the ALJ can properly consider a previous ALJ's findings and errs only when he considers the previous findings a mandatory starting point for the analysis. See Gressler v. Comm'r of Soc. Sec., No. 1:19-cv-950, 2020 WL 8881537, at *4 (W.D. Mich. May 26, 2020), R. & R. adopted, 2021 WL 1022548 (W.D. Mich. Mar. 17, 2021) (holding that ALJ erred in finding prior residual functional capacity assessment a mandatory starting point for a new application covering a different period); Dunn v. Comm'r of Soc. Sec., No. 1:17-cv-634, 2018 WL 4574831, at *3 (W.D. Mich., Sept. 25, 2018) (remanding case where the ALJ applied the incorrect standard announced in Drummond). ALJ Mason so erred here.

Johnson's first application alleged that his disability began on June 4, 2013. While his first application was still pending, Johnson filed his second application for the same period—i.e., for the period beginning on June 4, 2013 and proceeding onward. Transcript of Soc. Sec. Proceedings at PageID.226 (Dkt. 14). Subsequently, in a pre-hearing brief, Johnson amended his disability

onset date for his second application to October 26, 2015. Id. at PageID.295. As a result, Johnson's two applications covered different periods.[2]

Although Johnson's second application covered a different period than the first, ALJ Mason did not conduct an independent review of Johnson's past relevant work. Rather, ALJ Mason, citing AR 98-4(6), held that "absent new and material evidence, the prior findings regarding the claimant's past relevant work are binding." Id. at PageID.66. The record confirms that ALJ Mason indeed treated ALJ Perez's prior past relevant work determination as binding. During the hearing, Johnson's counsel argued that the prior ALJ's characterization of Johnson's past relevant work was incorrect and urged ALJ Mason to consider Fuller's vocational analysis. Id. at PageID.75–76. ALJ Mason responded that he would follow the vocational analysis given by the vocational expert, Kelly Stroker, in 2015 rather than Fuller's analysis because he was "bound . . . to follow that past work analysis." Id. at PageID.76. Further, in ALJ Mason's decision denying Johnson's second application, the section discussing Johnson's past relevant work is devoid of any mention of Fuller's opinion. See id. at PageID.66–67.

As the Sixth Circuit explained in Earley, when a claimant files a second application covering a different period, a prior ALJ's findings are not binding. See 893 F.3d at 932–933. It was, therefore, erroneous for ALJ Mason to conclude otherwise. In turn, it was erroneous for the

---

[2] As the magistrate judge notes, "[i]nexplicably," after Johnson amended the disability onset date for his second application, ALJ Mason "continued to refer to June 4, 2013 as the alleged onset date." R&R at 2 n.1.

magistrate judge to find that ALJ Mason properly concluded that he was bound by ALJ Perez's prior past relevant work determination.

For these reasons, Johnson's second objection is sustained. The Court rejects the magistrate judge's recommendation that the Court affirm the Commissioner's decision.

Pursuant to Earley, if an ALJ fails to give a second application a "fresh review," the proper remedy is to remand to give the ALJ "another opportunity to review the application under the correct standard." Id. at 935 (citing SEC v. Chenery Corp., 318 U.S. 80, 87, 93–95 (1943)); see also Gressler, 2021 WL 1022548 at *1 (remanding case where the ALJ failed to independently review the residual functional capacity assessment in a second application); Dunn, 2018 WL 4574831, at *3 (remanding case where ALJ erroneously followed Drummond's framework in assessing residual functional capacity in a second application). Accordingly, the Court will vacate the Commissioner's decision and remand this matter for further administrative proceedings consistent with the analytical framework set forth in Earley.

### C. Objections Three and Four

Because the Court sustains Johnson's second objection and orders remand on the issue raised in that objection, the Court does not consider Johnson's third and fourth objections. See Hall v. Colvin, No. 3:11-CV-571-TAV-CCS, 2016 WL 792415, *4 n.3 (E.D. Tenn. Feb. 29, 2016) (declining to address a plaintiff's remaining objections after sustaining one of the plaintiff's objections).

### III. CONCLUSION

For the above-stated reasons, the Court denies Johnson's motion to remand (Dkt. 24) and overrules in part and sustains in part Johnson's objections (Dkt. 23). Because the Court sustains Johnson's second objection, the Court rejects the recommendation contained in the magistrate

judge's R&R (Dkt. 20), denies the Commissioner's motion for summary judgment (Dkt. 18), and grants in part and denies in part Johnson's motion for summary judgment (Dkt. 17). Accordingly, the Commissioner's decision is vacated and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

    SO ORDERED.

Dated: July 29, 2021                                          s/Mark A. Goldsmith  
       Detroit, Michigan                          MARK A. GOLDSMITH  
                                                         United States District Judge